UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-347-RJC

| | |
|---|---|
| **In re:** ) | |
| ) | |
| **WELLESLEY K. CLAYTON,** ) | |
| ) | |
| Debtor. ) | |
| _____ ) | **ORDER** |
| ) | |
| **WELLESLEY K. CLAYTON,** ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | |
| ) | |
| **LINDA W. SIMPSON, OCWEN LOAN** ) | |
| **SERVICING, LLC, and M&T BANK,** ) | |
| ) | |
| Appellees. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court upon appeal by Appellant Wellesley K. Clayton ("Appellant") from the Bankruptcy Court's decision in favor of the United States Bankruptcy Administrator to convert Appellant's case from a Chapter 11 to Chapter 7 bankruptcy.

On July 31, 2015, Appellant filed his Notice of Appeal from Bankruptcy Case number 15-30573. (Doc. No. 1). Initially, Appellant failed to pay the required filing fee with his Notice of Appeal, and his Application to Proceed in forma pauperis was denied. (Bankr. Case No. 15-30573, Doc. Nos. 95, 113). On September 3, 2015, Appellant filed an Amended Notice of Appeal and paid his filing fee. (Doc. No. 4). Despite multiple opportunities, however, Appellant has failed to file the appropriate designation of record and a statement of the issues. (Doc. No. 6). This Court now considers whether Appellant's failure to comply with Federal Rule of

Bankruptcy Procedure 8009 warrants dismissal of the appeal under Federal Rule of Bankruptcy Procedure 8003(a).

Federal Rule of Bankruptcy Procedure 8009(a)(1) requires an appellant to "file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within fourteen (14) days after the appellant files his notice of appeal. Rule 8009(b)(1) also requires the appellant to order, within fourteen (14) days of filing the notice of appeal, "a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal, and file a copy of the order with the bankruptcy clerk; or file with the bankruptcy clerk a certificate stating that the appellant is not ordering a transcript." Rule 8003(a)(2) states that a "failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal." Therefore, "[i]f an appellant violates one of the rules of bankruptcy procedure, the district court may dismiss the appeal." In re Weiss, 111 F.3d 1159, 1173 (4th Cir. 1997).

Before a district court may dismiss an appeal pursuant to Rule 8003(a), "it must take *at least one* of the following steps: 1) make a finding of bad faith or negligence; 2) give the appellant notice and an opportunity to explain the delay; 3) consider whether the delay had any possible prejudicial effect on the other parties; *or* 4) indicate that it considered the impact of the sanction and available alternatives." Id. The Fourth Circuit has observed that "the sanction of dismissal for failure to comply with a non-jurisdictional, procedural guideline . . . [is] a harsh sanction which a district court must not impose lightly." In re Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992). However, as the Fourth Circuit demonstrated in Serra Builders, an appellant's negligent failure to comply with procedural requirements may lead to dismissal of the

entire appeal.  See id. (upholding the district court's dismissal of the appeal because appellant negligently filed the designation of record fifteen days late).

In the present case, Appellant filed his Notice of Appeal from the Bankruptcy Court on July 31, 2015.  Nearly two months later on September 21, 2015, the Bankruptcy Clerk notified this Court that Appellant had failed to file the designation of the items to be included in the record on appeal and a statement of the issues to be presented as required by the Federal Rules of Bankruptcy Procedure.  (Doc. No. 6).  Thereafter, this Court issued an Order directing Appellant to file his designation of record or provide this Court with good cause explaining his failure to do so by November 2, 2015.  (Doc. No. 7).  Although Appellant attempted to file a designation of record on October 29, 2015, that filing was defective, (Bankr. Case No. 15-30573, Doc. Nos. 144, 145), and Appellant has not otherwise responded to this Court's Order.  The Bankruptcy Court notified Appellant of the defective filing, (Id., Doc. No. 148), and gave him until November 6, 2015, to file a corrected document, (Id., Doc. No. 145).  Appellant failed to correct the deficiency.

As of November 16, 2015, 108 days since filing his initial Notice of Appeal, Appellant has failed to file a designation of the items to be included in the record on appeal and a statement of the issues to be presented.  This period of time greatly exceeds the fourteen days allotted for filing a designation.  The Court has given Appellant notice and an opportunity to explain his delay, and Appellant has failed to respond.  The Court finds that Appellant has acted negligently by not filing his designation of record and that this delay has had a prejudicial effect on the other parties.  Consequently after considering the impact of the sanction and available alternatives, the Court finds that Appellant's appeal must be **dismissed**.

**IT IS, THEREFORE, ORDERED** that Appellant's appeal from Bankruptcy Case

number 15-30573 shall be **DISMISSED**. The Clerk of Court is directed to close this matter and advise the Bankruptcy Court in writing of the dismissal of this appeal.

Signed: November 23, 2015

Robert J. Conrad, Jr.
United States District Judge